UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

THERESA RUSSELL,
Plaintiff-Appellant,

v.

No. 01-1149

FIRST HEALTH SERVICES; UNITED
STATES DEPARTMENT OF LABOR,
Wage and Hour Division,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
David G. Lowe, Magistrate Judge.
(CA-00-351-3)

Submitted: May 8, 2001

Decided: May 23, 2001

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

COUNSEL

Theresa Russell, Appellant Pro Se. Philip Browder Morris, Lori Alise
Rinaldi, MORRIS & MORRIS, Richmond, Virginia; Debra Jean Pril-
laman, Assistant United States Attorney, Richmond, Virginia, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM

Theresa A. Russell appeals the magistrate judge's judgment in favor of First Health, her previous employer, following a bench trial in her action under the Family and Medical Leave Act of 1993, 29 U.S.C.A. §§ 2601-2654 (West 1999) ("FMLA").* For the following reasons, we affirm.

On appeal, Russell claims First Health failed to honor its obligations under the FMLA after Russell provided her supervisor with a note stating that she required a week's "personal leave." Under the FMLA, an employer's duties "are triggered when the employee provides enough information to put the employer on notice that the employee may be in need of FMLA leave." Browning v. Liberty Mut. Ins. Co., 178 F.3d 1043, 1049 (8th Cir. 1999). Furthermore, an employee must provide that information within two days of the beginning of her leave, or as soon as practicable. See 29 C.F.R. § 825.302. Although Russell did discuss her absence with First Health within two days of the start of her absence, she failed to fulfill her threshold obligation under the FMLA by affirmatively declining to give First Health enough information to determine whether her absence related to a reason covered by the FMLA. See Price v. City of Fort Wayne, 117 F.3d 1022, 1026 (7th Cir. 1997). Because Russell failed to provide the information necessary to apprise First Health that her leave might implicate the FMLA within two days of her absence, First Health did not violate the FMLA in terminating her on the third day of that absence. See 29 C.F.R. § 825.302 (2000) (requiring notice within two days "or as soon as practicable" when leave is foreseeable but cannot be scheduled in advance); 29 C.F.R. § 825.303 (2000) (requiring notice within two days if leave is unforeseeable absent "extraordinary circumstances").

_____
*The parties consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c) (1994).

2

In its informal brief, First Health requests that this Court impose a monetary penalty against Russell to reimburse First Health for the cost of defending this appeal. We conclude that an award of sanctions against Russell would be inappropriate.

Accordingly, we affirm the judgment below in favor of First Health, deny First Health's request for sanctions, and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3